

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-04968

*Law and Policy Section*  *Telephone (202) 514-4767*
*P.O. Box 7415*  *Facsimile (202) 514-4231*
*Ben Franklin Station*
*Washington, DC 20044-7415*

December 20, 2018

**PROVIDED TO COUNSEL OF RECORD TO SUBMIT**
**TO THE COURT VIA ELECTRONIC CASE FILING**

Clerk of Court
United States District Court
Eastern District of Arkansas
600 W Capitol Ave., Room A149
Little Rock, AR 72201

    Re:  *Sierra Club, et al. v. Entergy Arkansas, Inc., et al.*, No. 4:18-cv-854 (E.D. Ark.)

Dear Clerk of the Court:

    I write to notify you that the United States has reviewed the proposed Settlement Agreement and Consent Judgment in this action and does not object to its entry by this Court. On November 26, 2018, the Citizen Suit Coordinator for the Department of Justice received a copy of the proposed consent judgment in the above-referenced case for review pursuant to the Clean Air Act, 42 U.S.C. § 7604(c)(3).  The Act provides, in relevant part:

> No consent judgment[1] shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

*See also* 40 C.F.R. § 135.5 (service on Citizen Suit Coordinator in the U.S. Department of Justice).  A settlement that does not undergo this federal review process is at risk of being void.

    In its review, the United States seeks to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes. *See Local 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 525-56 (1986) (a consent decree should conform with and further the objectives of the law upon which the complaint was based). For example, if the defendant has been out of compliance with statutory or permit

---

[1] The term "consent judgment" has a broad meaning and encompasses all instruments entered with the consent of the parties that have the effect of resolving any portion of the case. For example, a document stipulating to dismissal of a case of any part thereof is within the scope of this language. Such documents and any associated instruments, such as a settlement agreement, must be submitted to the United States and the court for review, notwithstanding any provisions purporting to maintain the confidentiality of such materials. The Department monitors citizen suit litigation to review compliance with this requirement.

requirements, the proposed consent judgment should require the defendant to come into prompt compliance and should include a civil penalty, enforceable remedies, injunctive relief, and/or a supplemental environmental project payment sufficient to deter future violations, or combinations of the above.

The United States has conducted this review and has no objection to entry of the proposed consent judgment. We accordingly notify the Court of that fact. The United States affirms for the record that, under prevailing law, it is not bound by this settlement. *See* 42 U.S.C. § 7604(c)(2) (providing that "[a] judgment in an action under this section to which the United States is not a party shall not . . . have any binding effect upon the United States."); *see also, e.g., Hathorn v. Lovorn,* 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he is not a party); *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found. Inc.,* 484 U.S. 49, 60 (1987) (explaining that citizen suits are intended to "supplement rather than supplant governmental action"); *Sierra Club v. Electronic Controls Design,* 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (explaining that the United States is not bound by citizen suit settlements, and may "bring its own enforcement action at any time"); 131 Cong. Rec. S15, 633 (June 13, 1985) (statement of Senator Chafee, on Clean Water Act section 505(c)(3) citizen suit provision, confirming that the United States is not bound by settlements when it is not a party).

The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case or enter into further consent judgments (such as resolving claims for attorney fees and costs as referenced in paragraph 42 of the proposed consent judgment), the parties should so notify the United States, and provide the United States with a copy of the proposed modification or new judgment, forty-five days before entry by the court. *See* 42 U.S.C. § 7604(c)(3).

We appreciate the attention of the Court. Please contact the undersigned at (202) 514-4767 if you have any questions.

                                                Sincerely,

                                                /s/ David S. Gualtieri
                                                David S. Gualtieri, Senior Counsel
                                                U.S. Department of Justice
                                                Environment and Natural Resources Division
                                                Law and Policy Section
                                                P.O. Box 7415
                                                Washington, D.C. 20044-7415
                                                David.Gualtieri@usdoj.gov

cc: Counsel of Record (via ECF)