IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| SIERRA CLUB AND NATIONAL PARKS CONSERVATION ASSOCIATION | PLAINTIFFS |
| v.   Civil Action No. 4:18-cv-00854-KGB | |
| ENTERGY ARKANSAS, INC., ENTERGY POWER, LLC, AND ENTERGY MISSISSIPPI, INC. | DEFENDANTS |

**MOTION FOR ABEYANCE AND LEAVE TO FILE RESPONSE**

COMES NOW, the State of Arkansas ("the State"), *ex rel.* Attorney General Leslie Rutledge ("Attorney General"), by and through the Consumer Utilities Rate Advocacy Division ("CURAD"), and for its Motion for Abeyance and Leave to File Response, states as follows:

1.  On November 16, 2018, Plaintiffs Sierra Club ("Sierra") and National Parks Conservation Association ("NPCA") filed a Complaint and Demand for Jury Trial[1] ("Complaint") and a Notice of Lodging of Settlement Agreement[2] between themselves and Defendants Entergy Arkansas, Inc.,[3] Entergy Power, LLC, and Entergy Mississippi, Inc. (collectively referred to as "Entergy"). The Settlement

---

[1] *See* Docket Entry No. 1 ("Complaint").

[2] *See* Docket Entry No. 11 ("Settlement Agreement").

[3] Now legally Entergy Arkansas, LLC and referred to hereafter as "EAL".

1

Agreement between Sierra, NPCA, and Entergy purports to resolve a number of claims between the parties, which are the subject of the Complaint.[4]

2. On December 13, 2018, the Attorney General sought intervention[5] in this Case due to her representation of Arkansas utility ratepayers and the impact that the actions discussed in the Complaint and Settlement Agreement will have upon Arkansas's citizens. The Attorney General's Motion to Intervene included her proposed Answer and proposed affirmative defenses.[6] These defenses include Plaintiffs' lack of standing, the statute of limitations, and failure to exhaust administrative remedies.

3. On January 25, 2019, the Plaintiffs filed a Motion to Enter Settlement Agreement as a Consent Judgement, asking the Court to "sign and enter" the Settlement Agreement between the Plaintiffs and Entergy as a Consent Judgement.[7]

4. In ruling on the Plaintiffs' Motion, the Court will need to consider and determine whether the Settlement Agreement is in the public interest. In addition, the Court will need to determine whether it has subject matter jurisdiction over the case, particularly whether the Plaintiffs have standing and whether a case or controversy is present in the case. Subject matter jurisdiction is an issue that may

---

[4] *See* Settlement Agreement.

[5] *See* Docket Entry No. 17 ("Attorney General's Motion to Intervene').

[6] *Id.*, Attachment 1.

[7] Docket Entry Nos. 44 and 44-1 ("Plaintiffs' Motion").

be raised at any time, and may be raised *sua sponte* by the Court.[8] Failure to address subject matter jurisdiction could jeopardize the Court's entry of the Settlement Agreement as a consent judgment.

5. In addition, the Court may need to determine whether abstention is appropriate in this case, and the effect of the affirmative defenses raised by the proposed Intervenors.

6. The Attorney General has moved to intervene in order to protect the interests of the State of Arkansas and to provide input to the Court on the Complaint as well as the Settlement Agreement between the Plaintiffs and Entergy.

7. As of this date, the Court has not ruled on the Attorney General's Motion to Intervene.

8. Because the Court has not ruled on the Attorney General's Motion to Intervene, the Attorney General is not yet a party in this case and thus is impeded in responding to the Plaintiffs' Motion.[9]

9. The Attorney General requests that the Court hold in abeyance its consideration of the Plaintiffs' Motion to Enter Settlement Agreement as a Consent Judgment until after the Court has ruled on the Attorney General's Motion to Intervene.

---

[8] *Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993).

[9] Local Rule 7.2 indicates that only a "party" may file a response to a motion.

10.     The Attorney General further requests that she be granted leave to file a response to the Plaintiffs' Motion within fourteen (14) days after entry of an order by the Court granting the Attorney General's Motion to Intervene.

WHEREFORE, the Arkansas Attorney General Leslie Rutledge respectfully requests that this Honorable Court grant her Motion and

A)   Hold in abeyance its consideration of the Plaintiffs' Motion to Enter Settlement Agreement as a Consent Order until after the Court has ruled on the Attorney General's Motion to Intervene;

B)    Grant the Attorney General leave to file a response to the Plaintiffs' Motion within fourteen (14) days after entry of an order granting the Attorney General's Motion to Intervene; and

C)   Grant all other relief which may be just and appropriate.

                                      Respectfully submitted,

                                      LESLIE RUTLEDGE
                                      Attorney General

                                      By:  /s/ Christina L. Baker
                                      Christina L. Baker, Ark. Bar No. 2016001
                                      Assistant Attorney General
                                      Arkansas Attorney General's Office
                                      323 Center Street, Suite 200
                                      Little Rock, AR 72201
                                      (501) 682-13625
                                      Christina.Baker@ArkansasAG.gov


                                      ATTORNEY FOR THE ATTORNEY
                                      GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

*Attorneys for Plaintiffs*

George E. Hays, WA Bar No. 53874
Law Office of George Hays
PO Box 843
Bellevue, WA 98008
(415) 716-9159
georgehays@mindspring.com

Naomi Kim Melver, WA Bar No. 52463
Law Office of Naomi Kim Melver
PO Box 25
Greenbank, WA 98253
(541) 513-0540
nmelver@gmail.com

Richard H. Mays, AR Bar No. 61043
Williams & Anderson, PLC
111 Center Street, Suite 2200
Little Rock, AR 72201-2413
(501) 362-0059
rmays@williamsanderson.com


*Attorneys for Defendants*

Debra J. Jezouit
Baker Botts LLP
1299 Pennsylvania Avenue
Washington, DC 20004
(202) 639-7700
debra.jezouit@bakerbotts.com

G. Alan Perkins
Perkins Peiserich Greathouse Morgan Rankin
PO Box 251618
Little Rock, AR 72225-1618
(501) 603-9000
alan@ppgmrlaw.com

John F. Peiserich
Perkins Peiserich Greathouse Morgan Rankin
PO Box 251618
Little Rock, AR 72225-1618
(501) 603-0556
john@ppgmrlaw.com

Kimberly Bennett
Entergy Services, Inc.
PO Box 551
Little Rock, AR 72203-0551
(501) 377-5715
kbenne3@entergy.com

Micah Goodwin
Perkins Peiserich Greathouse Morgan Rankin
PO Box 251618
Little Rock, AR 72225-1618
(501) 603-9000
micah@ppgmrlaw.com

Susan Margaret Floyd
Entergy Services, Inc.
PO Box 551
Little Rock, AR 72203-0551
(501) 576-4734
sfloyd33@entergy.com

Timothy K. Webster
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8138
twebster@sidley.com

*Attorneys for Arkansas Affordable Energy Coalition*

Mark Walters
Michael Nasi
Jackson Walker L.L.P.
100 Congress, Suite 1100
Austin, TX 78701
mwalters@jw.com
mnasi@jw.com


Mark H. Allison
Randall L. Bynum
Dover Dixon Horne PLLC
Suite 3700
425 West Capitol Avenue
Little Rock, AR 72201
mallison@ddh.law
rbynum@ddh.law

By: /s/ Christina L. Baker
     Christina L. Baker