IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SIERRA CLUB,** *et al.*,                                                                                       **PLAINTIFFS**

v.                                       Case No. 4:18-cv-00854

**ENTERGY ARKANSAS LLC,** *et al.*,                                                           **DEFENDANTS**

**ORDER**

Before the Court is plaintiffs' Sierra Club and National Parks Conservation Association's motion to enter the parties' settlement agreement as a consent judgment (Dkt. Nos. 11, 44).[1] Plaintiffs state that the parties negotiated the settlement agreement in good faith, and it "is fair, adequate, reasonable, and consistent with the goals and purposes of the Clean Air Act." (Dkt. No. 44, at 1). As required by statute, the parties submitted the settlement agreement to the United States who reviewed it "to ensure that the proposed consent judgment complies with the requirements of the relevant statute and is consistent with its purposes." (Dkt. No. 28-1, at 1). The Court received a letter from the United States stating it does not oppose entry of the settlement agreement as a consent judgment (*Id*.).

In considering whether to enter the proposed settlement agreement as a consent judgment, the Court must determine whether the settlement is fair, reasonable, and adequate and whether it is consistent with the Clean Air Act. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 841 (8th Cir. 2009); *see also United States v. Union Elec. Co.*, 132 F.3d 422, 430 (8th Cir. 1997)

---

[1] In an Order dated November 30, 2020, the Court held that it has subject matter jurisdiction over plaintiffs' claims and that plaintiffs have Article III standing to bring their claims (Dkt. No. 81, at 63). The Court also denied motions to intervene under Federal Rule of Civil Procedure 24(a) and 24(b) filed by Consumer Utilities Rate Advocacy Division and the Arkansas Affordable Energy Coalition (*Id*.). Neither prospective intervenor appealed the Court's Order to the Eighth Circuit Court of Appeals.

(citing *United States v. Metro. St. Louis Sewer Dist.*, 952 F.2d 1040, 1044 (8th Cir. 1992)). "A consent decree is not reviewed as a judgment on the merits," *Metro. St. Louis Sewer Dist.*, 952 F.2d at 1044, and "it is not [the Court's] function to determine whether this is the best possible settlement that could have been obtained." *United States v. Akzo Coatings, Inc.*, 949 F.2d 1409, 1436 (6th Cir. 1991); *see Untied States v. Bechtel Corp.*, 648 F.2d 660, 666 (9th Cir. 1981) ("The court is required to determine not whether a particular decree is the one that will best serve society, but whether the settlement is 'within the reaches of the public interest.'"). The Court has been advised of no particular matter which, when fairly viewed, necessitates the Court conducting an evidentiary hearing. *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1019 (8th Cir. 2002) (whether to hold a hearing on a proposed consent decree is committed to the informed discretion of the trial court) (quoting *Metropolitan St. Louis Sewer Dist.*, 952 F.2d at 1044)).

The Eighth Circuit has stated that, "[t]he law strongly favors settlements. Courts should hospitably receive them." *Little Rock Sch. Dist. v. Pulaski Cty. Special Sch. Dist. No. 1*, 921 F.2d 1371, 1383 (8th Cir. 1990). Further, the Court does not have the power to modify a settlement after it has been signed by the parties, but instead the Court must accept or reject the document as a whole. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 630 (9th Cir. 1982) ("Neither the district court nor [the circuit] court is empowered to rewrite the settlement agreed upon by the parties. We may not delete, modify, or substitute certain provisions of the consent decree.").

After careful review of controlling legal authorities and the factual background of this litigation, the substance of the settlement agreement, the brief in support of the plaintiffs' motion to enter settlement agreement as a consent judgment, and the entire record before the Court, the Court finds that the proposed settlement agreement is fair, reasonable, and adequate, and consistent

3

with the Clean Air Act.  The Court grants the plaintiffs' motion (Dkt. No. 44).  The Court grants the motion to enter the settlement agreement as a consent judgment and will sign and enter the settlement agreement as a consent judgment (Dkt. Nos. 11, at 4-32; 44).

It is so ordered this 11th day of March, 2021.

_____
Kristine G. Baker
United States District Judge